UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MARCUS HARVIN, et al.,                    :
      Plaintiffs,                          :
                                           :
      v.                                   :    Case No. 3:16-cv-1616 (VAB)
                                           :
CAROL CHAPDELAINE, et al.,                 :
      Defendants.                          :

## RULING AND ORDER

Marcus T. Harvin, Nirone Hutton, Jose Ramos and Cordell L. Woolfolk (collectively,

"Plaintiffs"), were each confined at the MacDougall Correctional Institution in Suffield,

Connecticut ("MacDougall") when they initiated this action on September 26, 2016. ECF No. 1.

They bring this action *pro se* and *in forma pauperis* under 28 U.S.C. § 1915 against Warden

Carol Chapdelaine, Maintenance Supervisor Street, Commissioner Semple, Counselor

Supervisor Davis and the Royal Flush company (collectively, "Defendants").

On December 9, 2016, the Court issued an order noting that, given that all of the specific

events Plaintiffs alleged in the Complaint occurred between September 9, 2016 and September

13, 2016, it was not possible for Plaintiffs to have exhausted their administrative remedies before

filing the Complaint, which each of the Plaintiffs signed between September 12, 2016 and

September 15, 2016, before the Court received and filed the Complaint on September 26, 2016[1].

*See* Order at 7-9, ECF No. 30. As the Court's previous order explained, before an incarcerated

plaintiff may bring any federal lawsuit regarding "prison conditions under [42 U.S.C. § 1983] or

---

[1] As the Court explained in its previous order, because of the amount of time that the State of Connecticut Department of Correction has to respond to inmate grievances at each level of the administrative proceedings available to inmates, full exhaustion of the administrative procedures would likely take at least 75 business days. *See* Order at 2-5, ECF No. 30.

any other Federal law," he or she must fully exhaust available administrative remedies. 42

U.S.C. § 1997e(a). Although it was apparent from the face of the Complaint that the Plaintiffs

could not have met this requirement before filing the Complaint, the Court nonetheless gave

Plaintiffs an opportunity to file a response regarding whether they had fully exhausted their

administrative remedies. Order at 13.

Plaintiffs have now filed responses to the Court's previous order. ECF No. 33 (Mr.

Hutton); ECF No. 34 (Mr. Harvin); ECF No. 36 (Mr. Woolfolk); ECF No. 37 (Mr. Ramos); ECF

No. 39 (Mr. Ramos, attaching exhibits). Mr. Woolfolk also filed a motion for an extension of

time for an additional twenty days to exhaust his administrative remedies. ECF No. 35.

Plaintiffs have also filed other motions that are now pending before the Court. Mr.

Harvin has filed a motion to add several new parties as additional defendants in this case, signed

only by himself. ECF No. 32. Mr. Hutton, Mr. Harvin, and Mr. Ramos then filed a similar

motion to add some of the same new parties as additional defendants, signed by each of them,

but not by Mr. Woolfolk (the "Joint Motion"). ECF No. 38.

For the reasons that follow, the Court **DENIES** Mr. Woolfolk's motion for an extension

of time to exhaust his administrative remedies, ECF No. 35. Mr. Harvin's individual motion to

add new defendants, ECF No. 32, is **DENIED** to the extent that it seeks to supplement the

Complaint to add Counselor Hess as a defendant and the claims against her and **DENIED** as

moot to the extent it seeks to amend the Complaint to add the Town of Suffield, Connecticut,

First Selectman of the Town of Suffield Melissa Mack and a company/corporation called

SLOAN (collectively the "New Defendants") as defendants, as this same relief is requested by

the Joint Motion.  The Joint Motion, ECF No. 38, is construed as a motion to amend the complaint to add the New Defendants to the Complaint is **GRANTED**.

The Clerk of the Court is directed to docket the Joint Motion, ECF No. 38, as an Amended Complaint, and add the Town of Suffield, Connecticut, First Selectman of the Town of Suffield Melissa Mack and a corporation called SLOAN as defendants in this case.  As the Court further explains below, however, all of the claims in this case must be dismissed.  This case will, therefore, be dismissed in its entirety and judgment entered in favor of the Defendants and New Defendants.

I.      **FACTUAL ALLEGATIONS**

For the sake of clarity, the Court repeats its description of the allegations in the Plaintiffs' Complaint, though the primary issue before the Court at this time with regards to these allegations is whether Plaintiffs have met the administrative exhaustion requirement of the PLRA.

Plaintiffs generally assert that they are all housed in the O-Pod housing unit at MacDougall.  Compl. at 8, ECF No. 1.  They allege that they may only flush the toilets in their cells twice during each five-minute period.  *Id.*  If an inmate flushes a third time during the five-minute period, the prison staff will, allegedly, re-set the toilet to flush again an hour later.  *Id.*

Plaintifs allege that the policy of not permitting them to flush the toilet any time they choose subjects them to harsh odors and the possibility of contracting unidentified illnesses.  Compl. at 8.  They allege that inmates who have jobs in the unit are confined in cells with no limit on the number of times the toilet may be flushed during a five-minute period.  *Id.* at 8-9.

On a weekly basis, prison staff members allegedly provide the plaintiffs with a liquid solution and other supplies to clean their cells. Compl. at 9. The plaintiffs complain that the cleaning supplies are passed through the same slot or "trap" in their cell doors that are also used to pass food trays through at meal times. *Id.* at 9-10. They allege that this practice potentially exposes them to contaminated food. *Id.* at 10.

On September 9, 2016, Mr. Harvin and Mr. Hutton, who were cellmates, allegedly reported that they needed to use the toilet, but could not flush the toilet in their cell. Compl. at 10. Officers allegedly denied the requests by Mr. Harvin and Mr. Hutton to use another toilet or to re-set the toilet in their cell. *Id.* at 10-11. Mr. Harvin used the toilet in the cell and he and his cellmate were allegedly subjected to the odors of feces and urine for approximately an hour and forty-five minutes. *Id.*

Plaintiffs further allege that there are allegedly only five working showers available to the approximately fifty inmates housed in the O-Pod housing unit at MacDougall. Compl. at 11. On September 9, 2016, Mr. Ramos attempted to use a shower on the upper tier of the housing unit. *Id.* An officer allegedly warned Mr. Ramos that the shower was off limits to all inmates except inmates who worked on the tier. *Id.* at 11-12. On September 10, 2016, Mr. Ramos submitted an inmate request regarding this matter. *Id.* An officer confirmed that the upper tier shower could only be used by inmates who worked on the tier. *Id.*

On September 13, 2016, from 9 a.m. to 6 p.m., the water supply to MacDougall was allegedly shut down. Compl. at 12. During this time period, inmates were allegedly told to use portable sanitation units that were placed in the recreation yards. *Id.* at 12-13. Mr. Harvin alleges that, when he was allowed to use the portable toilet, a correctional officer would not

permit him to bring soap with him to sanitize the toilet.  *Id.*  There was allegedly no anti-bacterial soap in the toilet stall.  *Id.*

When using the toilet, Mr. Harvin noticed that it had not, he alleges, been serviced in thirty-seven days.  Compl. at 12-13.  Mr. Harvin alleges that the toilet had not been serviced in a timely manner and that the number of inmates using the toilet exceeded the number recommended by the company that owned the toilet, Royal Flush.  *Id.*

Other than in the caption of the complaint and description of the parties, one of the Plaintiffs, Mr. Woolfolk, is not otherwise mentioned in the body of the complaint.  All four Plaintiffs claim that the Defendants have allegedly violated their Eighth and Fourteenth Amendment rights.  They seek monetary damages.  Compl. at 7.

## II.     STANDARD OF REVIEW

As the Court will explain below, the primary issue as to the allegations in the Complaint is whether Plaintiffs have met the administrative exhaustion requirement of the PLRA.  Because, however, Plaintiffs also bring certain claims for which the lack of administrative exhaustion is less clear, the Court will also review certain claims to determine whether they state a claim.

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Under 28 U.S.C § 1915(e)(2), when a plaintiff proceeds *in forma pauperis*, then "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C § 1915(e)(2).

In reviewing a *pro se* complaint, the Court must "liberally construe [the] pleadings," and interpret the complaint to "raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-03 (2d Cir. 2010) (discussing special solicitude that courts ought to show to *pro se* litigants). Although detailed allegations are not required, the complaint must still include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III.    EXHAUSTION REQUIREMENT

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The administrative remedies available to inmates incarcerated by the State of Connecticut Department of Correction ("DOC") are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies, effective August 15, 2013. *See* State of Connecticut Department of Correction, Administrative Directive 9.6: Inmate Administrative Remedies (2013), http://www.ct.gov/doc/LIB/doc/PDF/AD/

ad0906.pdf. As the Court explained in its previous order, these procedures generally take at least 75 business days to fully exhaust, due to the amount of time that the DOC has to respond at each stage of the procedure. *See* Order at 1-5.

This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Furthermore, prisoners must comply with all procedural rules regarding the grievance process before commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion requires "using all steps that the agency holds out and doing so properly" and "demands compliance with agency deadlines and other critical procedural rules").

Completing the exhaustion process after a federal action has been filed does not, therefore, satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) ("To begin, the plain language of § 1997e(a), providing that no action shall be brought until such administrative remedies as are available are exhausted, suggests that exhaustion prior to commencement of a § 1983 action is mandated.") (internal quotation marks omitted). "[C]ourts must take care not to frustrate the policy concerns underlying § 1997e(a) by allowing inmate-plaintiffs to file or proceed with lawsuits before exhausting administrative remedies." *Id.*

Special circumstances do not excuse an inmate's failure to meet the exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("The PLRA's history (just like its

text) thus refutes a "special circumstances" exception to its rule of exhaustion."). An inmate's failure to exhaust administrative remedies is only excusable if administrative remedies are, in fact, unavailable. *See id.* ("[T]he PLRA contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement hinges on the 'availability' of administrative remedies.") (internal quotation marks omitted).

The Court's December 9, 2016 Order noted that the Complaint did not specifically allege that any of the Plaintiffs exhausted their available administrative remedies before filing this case. See Order at 7-8. Furthermore, the Court noted that, given that all of the specific events in the Complaint allegedly occurred between September 9, 2016 and September 13, 2016, while Plaintiffs signed the Complaint between September 12, 2016 and September 15, 2016, Plaintiffs likely could not have exhausted their administrative remedies, a process that would likely take 75 business days. *Id.* The Court's order therefore directed each Plaintiff to respond, within twenty days, regarding whether he had exhausted his administrative remedies as required by the PLRA.

### A. Mr. Woolfolk

Mr. Woolfolk filed two documents in response to the Court's previous order. One document, which Mr. Woolfolk signed on December 20, 2016, and which the Court filed on December 29, 2016, indicated that, "[h]onestly there was no attempt to exhaust administrative remedies," allegedly because Mr. Harvin had told him that "in Federal Courts there was no need to exhaust remedies," and stated that Mr. Woolfolk "apologize[d] for wasting the [C]ourt's time, [and] resources." ECF No. 36. Mr. Woolfolk also filed a motion for extension of time to exhaust his administrative remedies, which Mr. Woolfolk signed on December 15, 2016, and which the Court filed on January 3, 2016. ECF No. 35. The motion for an extension of time noted that Mr.

Woolfolk had yet to fully exhaust his administrative remedies, and that "20 days is not enough time to be able to fully exhaust my remedies [sic] in this case." ECF No. 35 at 1.

As the Court explained above, under the PLRA, inmates who seek to bring federal lawsuits regarding prison conditions must exhaust their administrative remedies before initiating such suits. *See* 42 U.S.C. § 1997e(a). Completing the exhaustion of administrative remedies after the plaintiff files suit is, therefore, not allowed. *See Neal*, 267 F.3d 116, 122 (explaining that the PLRA's plain language "suggests that exhaustion prior to commencement of a § 1983 action is mandated"). The Court will, therefore, deny Mr. Woolfolk's motion for an extension of time to exhaust his administrative remedies, ECF No. 35.

Both of Mr. Woolfolk's filings concede that he had yet to exhaust his administrative remedies as of the date he signed the Complaint. Because it is also apparent from the face of the Complaint, due to the dates of the alleged events and the date that Mr. Woolfolk signed the complaint, that Mr. Woolfolk could not have exhausted his administrative remedies before filing this action, the Court dismisses all of his claims in the Complaint without prejudice under the PLRA. *See Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (explaining that though administrative exhaustion is not pleading requirement the "district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement") (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

### B.    Mr. Ramos

Mr. Ramos filed to identical responses to the Court's order, one without exhibits, ECF No. 37, and one attaching exhibits, ECF No. 39. These responses show that Mr. Ramos has not

fully exhausted the administrative remedies available to him, as he had "yet to receive any response from prison officials" as to the grievances he submitted regarding access to upper tier showers and the timer and flushing restrictions on the toilet in his cell.  ECF No. 39 at 2.

Mr. Ramos also stated that, in his view, the claim regarding the portable toilets that inmates were required to use during the water shutdown on September 13, 2016, "was not reoccurring so could not be grieved," and that he had not therefore taken any steps to exhaust his administrative remedies as to that claim.  ECF No. 39 at 2.  The Court construes this as an argument that this claim is exempt from the administrative exhaustion requirement in the PLRA.  The exhaustion requirement in the PLRA applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).  Thus, the claim regarding the portable toilet is not exempt from the administrative exhaustion requirement.

Mr. Ramos's filings show that he concedes that he had yet to exhaust his administrative remedies as of the date he signed the Complaint.  Because it is also apparent from the face of the Complaint, due to the dates of the alleged events and the date that Mr. Ramos signed the complaint, that Mr. Ramos could not have exhausted his administrative remedies before filing this action, the Court dismisses all of his claims in the Complaint[2] without prejudice under the PLRA.  *See Williams*, 829 F.3d at 122.

**C.      Mr. Harvin and Mr. Hutton.**

---

[2] Mr. Ramos's filing does not address the claim alleging that inmates receive cleaning supplies through the same slot or trap in the cell doors where they receive food, but as the Court will explain below, these allegations do not state a claim and can, therefore, also be dismissed under 28 U.S.C. § 1915A.

Mr. Harvin, ECF No. 34, and Mr. Hutton, ECF No. 33, filed identical responses to the Court's order. As the Court explains below, these filings show that Mr. Harvin and Mr. Hutton have not exhausted their administrative remedies as to all claims alleged in the Complaint, allowing the Court to dismiss the Complaint for failure to exhaust administrative remedies.[3]

### 1. Flushing Restriction Claim

In these filings, they allege that, as they were cellmates, Mr. Harvin sent separate inmate requests to a maintenance supervisor and a counselor supervisor regarding the timer and flushing restriction on the toilet in their cell on behalf of both of them, but that they had yet to receive a response. Their filings further concede that they "did not file an Inmate Grievance regarding the flushing restriction," because, in their view, "this issue cannot be remedied through the Grievance process," because it was actually based on restrictions on water use that the Town of Suffield placed on MacDougall. They allege that because the administrative proceedings available to inmates cannot remedy something caused by the Town of Suffield, there is no "availability" of administrative remedies to exhaust under the PLRA, and that this claim is therefore exempt from the exhaustion requirement. 42 U.S.C. § 1997e(a).

As the Supreme Court has explained, however, the PLRA's administrative exhaustion requirements apply even when an incarcerated plaintiff seeks a type of relief that specifically is not available through the available administrative process. *See Booth*, 532 U.S. at 741 (requiring exhaustion even where prisoner complaint seeks monetary damages not available through administrative process because PLRA's text is not "meant to give prisoners a strong inducement

---

[3] Neither Mr. Harvin nor Mr. Hutton's filings address the claim alleging that inmates receive cleaning supplies through the same slot or trap in the cell doors where they receive food, but as the Court will explain below, these allegations do not state a claim and can, therefore, also be dismissed under 28 U.S.C. § 1915A.

to skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms"). Furthermore, the allegations in Mr. Harvin and Mr. Hutton's filings contradict the allegations in the Complaint. *See* Compl. at 7-8 (explaining that cells in another part of MacDougall have no flush restriction or timer so inmate "are able to flush the toilet unlimitedly" and that "this serves as proof that the staff of this facility . . . do have the ability to eliminate this issue at their own discretion."). The claim in the Complaint regarding the toilet flushing restriction in their cell is, therefore, subject to the administrative exhaustion requirement.[4]

Because Mr. Harvin and Mr. Hutton's filings concede that they have not even attempted to exhaust available administrative remedies before they signed the Complaint, and because it is also apparent from the face of the Complaint, due to the dates of the alleged events and the date that they signed the Complaint, that they could not have exhausted their administrative remedies as to this claim before filing this case, the Court dismisses this claim without prejudice under the PLRA. *See Williams*, 829 F.3d at 122.

## 2. September 13, 2016 Portable Toilet Use Claim

Like Mr. Ramos, Mr. Harvin and Mr. Hutton both concede that they did not file a grievance regarding the claim arising from their allegedly being required to use portable toilets during a water shutdown September 13, 2016. They argue that because the alleged events underlying this claim "only lasted for one day," the claim is exempt from the PLRA's administrative exhaustion requirement because "a grievance cannot remedy a deprivation that

---

[4] To the extent that the Joint Motion, ECF No. 38, alleges claims against the Town of Suffield, the Court also explains below that the Joint Motion, if construed as a proposed amended complaint, fails to state a claim against the Town of Suffield and other non-DOC defendants that the Joint Motion seeks to add to the case.

has already been suffered as a result of a one time occurrence." ECF No. 33 at 2. As the Court explained above, the exhaustion requirement in the PLRA applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter*, 534 U.S. at 532. Thus, the claim regarding the portable toilet is not exempt from the administrative exhaustion requirement. Because it is apparent from both Mr. Harvin and Mr. Hutton's filings and the face of the Complaint that they had not exhausted their administrative remedies as to this claim before filing this case, the Court dismisses this claim without prejudice under the PLRA. *See Williams*, 829 F.3d at 122.

### 3. Upper Tier Shower Access Claim

Mr. Harvin and Mr. Hutton also concede that they did not file an inmate grievance regarding the claim arising from their being denied access and use of the upper tier showers. They allege that after making a request to a prison official regarding access to the shower, they and Mr. Ramos were transferred to a different cell block, which would "have made it futile" to file a grievance because they were no longer housed in the unit where they were denied access to the showers. *See* ECF No. 33 at 2-3. There is no authority to suggest that being transferred to a different cell block exempts a claim arising from events occurring while a plaintiff was housed in the previous cell block from the administrative exhaustion requirement in the PLRA. *See Ross*, 136 S. Ct. at 1858 (explaining that there is no "'special circumstances' exception" to the PLRA exhaustion requirement); *Porter*, 534 U.S. at 532 (explaining that PLRA exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes"). The claim regarding upper tier shower access is not, therefore, exempt from the administrative exhaustion requirement. Because it is apparent from both Mr. Harvin

13

and Mr. Hutton's filings and the face of the Complaint that they had not exhausted their administrative remedies as to this claim before filing this action, the Court dismisses this claim without prejudice under the PLRA. *See Williams*, 829 F.3d at 122.


**IV.     Review of Claims for Failure to State a Claim**

**A.     Claims Regarding Use of Cell Door Traps to Deliver Cleaning Supplies**

None of the filings from the Plaintiffs explicitly address the claim in the Complaint alleging that DOC provides inmates in N-Pod and O-Pod cells with cleaning supplies through the same slot or "trap" through which meal trays are delivered. The Complaint alleges that this creates "inhumane and overly unsanitary" conditions and places inmates in general at a greater risk of contracting unnamed diseases. *See* Compl. at 9-10. As the Court's order had required Plaintiffs to respond as to whether they exhausted their administrative remedies as to the entirety of the Complaint, these filings suggest that Plaintiffs have not exhausted their administrative remedies as to this claim, and the Court could, as explained above, likely dismiss this claim without prejudice for failure to exhaust administrative remedies. Because, however, these allegations are not associated with specific dates, the Court will also consider whether they would state a claim.

As an initial matter, the Court notes that the Complaint appears to allege that these conditions are not specific to Plaintiffs, but affect every inmate housed in the N-Pod and O-Pod housing units at MacDougall. Because all Plaintiffs in this case are proceeding *pro se*, to the extent that their Complaint can be construed as asserting claims on behalf of other inmates, they cannot do so. *See Berrios v. N.Y. City Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009)

14

(explaining that 28 U.S.C. § 1654 permits an individual "to proceed *pro se* with respect to his *own* claims or claims against him personally," but "does not permit an unlicensed layman to represent anyone else other than themselves") (internal quotation marks omitted); *see also* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Plaintiffs can only allege these claims as to themselves.

To state a claim under the Eighth Amendment for "denying an inmate humane conditions of confinement," such that the prohibition against cruel and unusual punishment is violated, a plaintiff must show that both an objective and subjective standard are met. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

First, as to the objective standard, "the deprivation alleged must be, objectively, sufficiently serious," in that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Prisons must provide inmates with their "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety," and a failure to do so violates the Eighth Amendment. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). "[T]he Eighth

Amendment prohibition against cruel and unusual punishment does require that prisoners be served . . . food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).

Second, as to the subjective standard, the plaintiff must also show that "a prison official . . . ha[d] a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Specifically, "[i]n prison-conditions cases, the state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* This requires that the defendant official both "knows of and disregards an excessive risk to inmate health or safety," the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Complaint does not allege that any of the Plaintiffs actually suffered any health concerns or injuries as a result of prison officials handing meals as well as cell cleaning materials to them through the slots in their cell doors, or that the provision of toilet cleaning supplies no more than once a week led to any injuries or other serious deprivations. Rather, the Complaint generally assert that the conditions were unsanitary and placed the Plaintiffs at risk of contracting an infection or disease. Nor do the Plaintiffs allege that any of the named Defendants were specifically involved in or aware of these allegedly unsanitary or unhealthy conditions. As a result, they cannot state a claim under the Eighth Amendment, because the Complaint does not show that any of the Defendants both "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Accordingly, the claims in the Complaint as to the alleged infrequent provision of cleaning supplies and the delivery of meals and cleaning supplies

through the same slots or traps in the cell doors would be dismissed for failure to state a claim

upon which relief may be granted, even if Plaintiffs had fully exhausted their administrative

remedies as to these claims.  *See* 28 U.S.C. § 1915A(b)(1).


### B.        Claims in Motions to add New Defendants

The first motion to add new defendants, ECF No. 32, is signed only by Mr. Harvin, and it

seeks to add several parties to the case, first, Counselor Hess of the DOC, and second, the New

Defendants: the Town of Suffield; Melissa Mack, the First Selectman of the Town of Suffield;

and a corporation called SLOAN.  *See generally* ECF No. 32.  The second motion, ECF No. 38,

or the Joint Motion, is signed by Mr. Harvin, Mr. Hutton, and Mr. Ramos, and also seeks to add

the New Defendants to this case.  For the reasons that follow, the Court construes the Joint

Motion, ECF No. 38, as a motion to amend the Complaint to add the New Defendants, and it is

granted, though for the reasons that will be discussed below, the federal claims in the resulting

Amended Complaint would still be dismissed under 28 U.S.C. § 1915A for failure to state a

claim, and the Court will decline to exercise supplemental jurisdiction over the remaining state

law claims, and this case will therefore still be dismissed and closed.  Mr. Harvin's individual

motion to add new defendants, ECF No. 32, is denied, to the extent that it seeks to add Counselor

Hess as a defendant, and it is denied as moot as to the New Defendants, because the Court grants

the Joint Motion.

As an initial matter, the Court notes that while a *pro se* litigant in federal court has a right

to act as his or her own counsel, *see* 28 U.S.C. § 1654, he cannot represent others.  *See Berrios*,

564 F.3d at 132.  Thus, Mr. Harvin, as a *pro se* litigant and non-attorney, may not represent the

other Plaintiffs or assert claims on their behalf[5].  Nor can Mr. Harvin, Mr. Ramos, and Mr. Hutton represent Mr. Woolfolk, or assert claims on his behalf.

### 1. Claims Against Counselor Hess

In his individual motion, ECF No. 32, Mr. Harvin seeks to add Counselor Hess as a defendant.  Mr. Harvin's allegations as to Counselor Hess concern events that allegedly occurred after the filing of this action, and  that were unrelated to the claims in the Complaint, which all concerned conditions related to toilet and shower use in the O-Pod unit at MacDougall in September 2016.  The Court construes this motion as seeking to supplement the Complaint to add new claims as to Counselor Hess as to events that occurred after the Complaint was filed.

Rule 15(d) of the Federal Rules of Civil Procedure permits a party to, "[o]n motion and reasonable notice," and with the Court's permission, "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed . Civ. P. 15(d).  The district court may grant such a motion "upon reasonable notice and upon such terms as may be just," and "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted."  *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)

Mr. Harvin's individual motion asserts that Counselor Hess is in charge of the prisoner electronic filing program at MacDougall.  He claims that despite the Court's Standing Order on Prisoner Electronic Filing Program, which requires him to file documents and motions

---

[5] The Court will refer to "Plaintiffs' claims" that are included in the Joint Motion, but under 28 U.S.C. § 1654, because Mr. Woolfolk did not sign the Joint Motion, and because Mr. Harvin, Mr. Hutton, and Mr. Ramos cannot represent Mr. Woolfolk, the Court does not consider Mr. Woolfolk as having been one of the Plaintiffs to raise the claims in the Joint Motion.  Regardless, as the Court will explain below, even if Mr. Woolfolk had signed the Joint Motion, none of the allegations in the Joint Motion are sufficient to state a claim upon which relief can be granted.

electronically using the Program procedures, he has filed all documents and motions by United States Mail.  He claims that he has not received Notices of Electronic Filing ("NEFs") regarding documents and orders that he has filed in this case.  He contends that it has been difficult to remain aware of the status of the case without receiving the NEFs, but he has been permitted to contact the Court by telephone to determine what motions or orders have been filed.  He asserts that Counselor Hess has denied him access to the courts, equal protection of the laws, due process and has violated his right to be free from cruel and unusual punishment.

Mr. Harvin previously attempted to file a supplemental complaint to add Counselor Hess as a defendant without permission.  *See* ECF No. 24.  The exhibit filed in support of that supplemental complaint, was Mr. Harvin's inmate request addressed to Counselor Hess dated October 23, 2016.  *See* ECF No. 25.  The request included a response from Counselor Hess dated October 27, 2016.  In her response, Counselor Hess stated that she routinely delivered any NEFs that she received to inmates on the day that she received them.  *See id.*  On December 9, 2016, the Court struck the supplemental complaint as having been improperly filed, both because there was no indication claims against Counselor Hess could have been fully administratively exhausted before the filing of the supplemental complaint and the claims were unrelated to the claims in the Complaint.  *See* Order at 12.

Mr. Harvin signed the current motion to add Counselor Hess as a defendant and claims against her on December 16, 2016, and the Court docketed this motion on December 27, 2016.  ECF No. 32.  There are no new allegations regarding any attempts to exhaust administrative remedies regarding the claims against Counselor Hess.  As explained above, due to the timing of the allegations against Counselor Hess and the filing of the motion to add her as a defendant, it is

apparent that Mr. Harvin could not have been fully exhausted his administrative remedies before either of these dates. Because Mr. Harvin did not meet the PLRA administrative exhaustion requirements as to these claims, the Court denies his motion to supplement the Complaint to add Counselor Hess as a defendant and his new claims against her on the grounds of futility. *See Quaratino*, 71 F.3d at 66 (noting that courts may deny a motion under Rule 15(d) on futility grounds); *Williams*, 829 F.3d at 122 (requiring dismissal for failure to exhaust).

Furthermore, the claims against Counselor Hess are unrelated to the claims in the Complaint and do not satisfy Rule 15(d)'s requirement that they be connected to the claims in the original Complaint. *See LaBarbera v. Audax Construction Corp.*, 971 F. Supp. 2d 273, 285 (E.D.N.Y. 2013) (denying motion to amend or supplement complaint on ground that new claims sought to be added involved issues that were "wholly unrelated" to the resolution of claims included in the complaint) (citations omitted); *Walls v. Fischer*, 615 F. Supp. 2d 75, 285 (W.D.N.Y. 2009) (denying motion to file supplemental complaint because new claims concerned incidents at a different correctional facility, involved different correctional staff members than the defendants named in the complaint "and only tangentially relate[d] to the matters asserted in the [complaint]") (citations omitted). Thus, Mr. Harvin's individual motion can also be denied for failing to meet the requirements of Rule 15(d).

Mr. Harvin also seeks to add the New Defendants as parties to this case. As indicated above, Mr. Harvin, Mr. Hutton and Mr. Ramos then filed the Joint Motion to add the same parties and claims. Because, as the Court will explain below, the Court will grant the motion to Joint Motion, Mr. Harvin's individual motion is moot as to the New Defendants.

**B.    Claims against Town of Suffield, First Selectman Mack, and SLOAN**

The Joint Motion, ECF No. 38, seeks to add the Town of Suffield, First Selectman of Suffield Melissa Mack, and a company called SLOAN as defendants, and alleges that each was involved in or facilitated the toilet flushing restrictions that DOC imposed on Plaintiffs during their confinement in O-Pod at MacDougall in September of 2016. The Court construes this as a motion for leave to amend the Complaint to add the New Defendants and the claims against them, and also construes the Joint Motion as a proposed Amended Complaint.

### 1.    Amendment of the Complaint

Rule 15(a)(1) allows a plaintiff to amend his complaint once as a matter of right within, in relevant part, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). A complaint is a pleading to which a responsive pleading is required. *See* Fed. R. Civ. P. 12(a)(1) (indicating that a defendant "must serve an answer" to the "summons and complaint"). Because Defendants have yet to be served and have not, therefore, filed a responsive pleading, the Plaintiffs may amend their Complaint as a matter of right. The Court therefore grants the Joint Motion, ECF No. 38, to amend the Complaint to add the new parties.

### 2.    Analysis of Claims Under 28 U.S.C. § 1915

It is unclear whether the claims asserted against the New Defendants are subject to the administrative exhaustion requirements of the PLRA. Administrative Directive 9.6, Inmate Administrative Remedies, which provides the administrative remedies available to Plaintiffs, provides that "[t]he Department of Correction shall provide a means for an inmate to seek formal review of an issue relating to any aspect of an inmate's confinement that is subject to the Commissioner's authority." Because the New Defendants do not work for DOC and are,

therefore, not subject to the DOC Commissioner's authority, the Court assumes, without deciding, that exhaustion requirements do not apply, and moves on to review the claims against the New Defendants and determine whether they state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring court to evaluate cases filed *in forma pauperis* and dismiss if "the action or appeal . . . fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief").

### a. Claims Against Town of Suffield and First Selectman Mack

The Joint Motion, proposed amended complaint, alleges the Town of Suffield ("Suffield") imposes restrictions on water usage by housing units at MacDougall. First Selectman Mack is allegedly the Executive Officer of the Suffield and the supervisor of every town employee. Plaintiffs allege that she is aware of the water restriction. Plaintiffs allege that these Defendants are, therefore, liable for violating their Eighth Amendment rights to be free from cruel and unusual punishment and their rights under the Fourteenth Amendment. *See* Joint Motion at 3, ECF No. 38.

Yet, the Joint Motion does not allege any action by Suffield, except that it allegedly imposed a water usage restriction on MacDougall, nor any action by First Selectman Mack, except that she allegedly supervises every town employee. That Suffield imposed a water usage restriction does not, in and of itself, constitute conduct that violates Plaintiffs' rights. As the Court explained above, the Complaint in this case alleges that the DOC and its employees are responsible for the toilet flushing restrictions that the Plaintiffs allege are violating their rights. *See, e.g.*, Compl. at 7-8 (explaining that cells in another part of MacDougall have no flush restriction or timer so inmate "are able to flush the toilet unlimitedly" and that "this serves as

proof that the staff of this facility . . . do have the ability to eliminate this issue at their own discretion.").  The Joint Motion also does not allege that Suffield or First Selectman Mack had any direct involvement with or participated in the DOC's decision to impose the flushing restrictions.

Even if the Joint Motion did allege that Suffield and First Selectman Mack were directly involved in the decision to impose the toilet flushing restriction, these allegations would fail to state a claim.  District courts in the Second Circuit have consistently held that temporary deprivations of toilet use that do not result in serious physical harm or contamination do not rise to the level of Eighth Amendment or other constitutional violations.  *See Beckford v. New York State Office of Mental Health*, No. 06-CV-00561 (SR), 2010 WL 1816689, at *12 (W.D.N.Y. May 3, 2010) (explaining that plaintiff's claim that "he was deprived of water and electricity" in his cell for "twenty-two hours" "may have been restrictive or even harsh" but the "conditions d[id] not rise to the level of an Eighth Amendment violation"); *Rogers v. Laird*, No. 07-CV-668 (LEK) (RFT), 2008 WL 619167, at *3 (N.D.N.Y. Feb. 8, 2008) (holding that "[t]he temporary deprivation of restroom privileges for a three hour period does not constitute an extreme deprivation of life's necessities" sufficient to make out an Eighth Amendment claim); *Bourdon v. Roney*, No. 99-CV-0769 (LEK) (GLS), 2003 WL 21058177, at *11 (N.D.N.Y. Mar. 6, 2003) (stating that plaintiff alleged that he "went, at most, three hours without bathroom privileges and water" the plaintiff "failed to allege or substantiate both the objective and subjective components" of an Eighth Amendment claim concerning the "methods of confinement" and "failed to adequately allege that he was denied minimal necessities of civilized life for a substantial period of time"); *Odom v. Keane*, No. 95 CIV. 9941 (SS), 1997 WL 576088, at *4-5

(S.D.N.Y. Sept. 17, 1997) (holding that where plaintiff alleged various claims including that he was placed in an "unsanitary cell" that "did not have a working toilet" and that on another occasion there was an "alleged malfunctioning of the toilet" he did not make out an Eighth Amendment claim because each of these conditions "was rectified by the end of the day").

In the Complaint, Mr. Harvin and Mr. Hutton allege that, on one occasion, the flushing restriction resulted in their not being permitted to flush the toilet for one hour and forty-five minutes. Mr. Ramos alleges no claims that are specific to him regarding the effect of the flushing restriction on him. The Court therefore concludes that, even if the Joint Motion were construed as an Amended Complaint alleging that Suffield and First Selectman Mack directly caused the DOC to implement the toilet flushing restriction at MacDougall, it would fail to state a claim for the violation of Plaintiffs' constitutional rights. The Eighth and Fourteenth Amendment claims against the Town of Suffield and the First Selectman Mack are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### b.  Claims Against SLOAN

The Joint Motion describes SLOAN as the manufacturer of the toilets DOC provides to inmates at MacDougall. Plaintiffs allege that SLOAN toilets in some housing units, including O-Pod have timers embedded in them that may be programmed to restrict the number of times the toilets may be flushed during a particular time period, preventing them from being able to flush the toilets as frequently as they choose. Plaintiffs allege that SLOAN toilets in other cell blocks do not have this restriction. Plaintiffs bring claims under 42 U.S.C. § 1983 ("Section 1983") alleging that SLOAN has violated their Eighth Amendment rights to be free from cruel and

unusual punishment and their rights to equal protection and Due Process under the Fourteenth Amendment. *See* Joint Motion at 3.

There are no facts to suggest that SLOAN is a state actor that can be sued under Section 1983. "[T]he under-color-of-state-law element of [Section 1983] excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). To state a claim of a violation of his or her constitutional rights under 42 U.S.C. 1983, an inmate "is . . . required to show state action." *Fabrikant v. French,* 691 F.3d 193, 206 (2d Cir. 2012). The Joint Motion alleges that SLOAN is a private company.

A private party may be held liable for unconstitutional conduct under Section 1983 only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 188 (2d Cir. 2009) (internal quotation marks omitted). Furthermore, "a private entity does not become a state actor for purposes of Section 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." *Fabrikant,* 691 F.3d at 207 (internal quotation marks omitted).

Any contract SLOAN may have had with the State of Connecticut Department of Correction to supply toilets or toilet flushing mechanisms to MacDougall does not render SLOAN a "state actor" or show that SLOAN was "acting under color of state law" for purposes of Section 1983. *See, e.g., Rendell–Baker v. Kohn,* 457 U.S. 830, 841 (1982) ("Acts of ... private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Phelan ex rel. Phelan v. Torres,* 843 F. Supp.

25

2d 259, 273 (E.D.N.Y. 2011) ("The fact that the state may contract with a private party to perform a function does not [necessarily] transform the private party into a state actor."), *aff'd,* 512 F. App'x 88 (2d Cir. 2013).  Because SLOAN is not a state actor, the Joint Motion does not state a Section 1983 claims against SLOAN, and this claim is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also notes that the Joint Motion does not contain any allegations that SLOAN participated in the DOC's decision to use toilets with timers in certain cell blocks or to impose flushing restrictions in certain cell blocks.

Furthermore, even if the Plaintiffs could show that SLOAN was a state actor and was actually involved in the DOC's decision to install toilets with timers in certain cell blocks, courts have routinely held that similar or more egregious restrictions on toilet flushing did not state a claim under the Eighth Amendment.  *See Grender v. Wall*, No. 15-CV-0086, 2016 WL 3093903, at *2, 6 (E.D. Wis. June 1, 2016) (explaining that six months of confinement in restrictive housing cell with computerized SLOAN toilet and toilet flushing restriction preventing toilets from being flushed more than two times in two minutes or else the flushing function is shut down for approximately fifteen minutes does not state an "extreme deprivation" of needs that violates the Eighth Amendment); S*mith v. Gasparini*, No. 94-C-50160, 1997 WL 715688, at *4 (N.D. Ill. Nov. 10, 1997) (holding in case where "toilet did not flush adequately" and plaintiff alleged that "the smell of waste made [him] vomit" that "inadequate flushing do[es] not state an extreme deprivation" that violates the Eighth Amendment); *Odom,* 1997 WL 576088 at *4-5 (explaining that plaintiff's allegation that his toilet that did not flush for ten hours each night for two months did not rise to the level of a condition violating the Eighth Amendment).  The Court

therefore dismisses all claims against SLOAN for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## V.    CONCLUSION

For the foregoing reasons, Mr. Woolfolk's motion for extension of time, ECF No. 35, to exhaust his administrative remedies is **DENIED**. All claims in the Complaint as to the toilet flushing restriction, the unsanitary portable toilet, and upper tier shower access, are **DISMISSED** without prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies before filing this action. The claim in the Complaint regarding the provision of cleaning supplies and meals through the same slot or trap in cell doors is **DISMISSED** under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

For the reasons explained above, Mr. Harvin's Motion to Add Defendants, ECF No. 32**,** is **DENIED** to the extent that it seeks to supplement the Complaint to add claims against Counselor Hess as a defendant and to add her as a defendant, and **DENIED** as moot to the extent that it seeks to add the New Defendants to the case. The Court construes Joint Motion to add the New Defendants , ECF No. 38, as a motion to amend the Complaint, and **GRANTS** the motion.

**The Clerk of the Court is directed to add the Town of Suffield, First Selectman Melissa Mack and SLOAN as Defendants, and shall file the Joint Motion, ECF No. 38 as an Amended Complaint.**

For the reasons explained above, all new claims in the Joint Motion, or Amended Complaint, against the new Defendants are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Court further orders that if the plaintiffs choose to appeal this decision, they may not

27

do so *in forma pauperis,* because such appeals would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk is directed to enter judgment for the Defendants and to close this case.

SO ORDERED at Bridgeport, Connecticut, this 29th day of August, 2017.


   /s/ Victor A. Bolden              
Victor A. Bolden
United States District Judge